Per Curiam.

It is incumbent on the plaintiff to make up the case, and if amendments are offered to have it settled. The points reserved must be disposed-of before, he can have judgment, and the motion is therefore denied.
On a representation of the proceedings of the parties relative to the case proposed to be made, The Court said, that where a case is mia.de by one party, and intended to be amended by the other, the right of amending will not authorize a new case to be made, by way of a substitute for the first.(a)
Rule refused.

) Williard v. Hallett, I Caines’ R, 344. “ This rule, however, ought, perhaps, to be taken with some qualifications. If the case proposed should be so totally defective, either in manner, or matter, as to render it impossible to propose amendments, other- than by writing it anew, it would seem that the rule could not apply. The great object is, to present the case fairly to the court; and nq rule can exist, calculated to defeat that Object. Besides, a reference to the .case just cited, will justify the inference, that the rule is intended merely for the convenience of the judge, and to save- him the necessity of wading through two cases instead of one. This view has been taken of it, in several case, within my knowledge ; and in one cases, in particular, a feigned issue, Judge Edwards received amendments, proposed in this way on, account of the inaccuracy of the original case, and adopted them as the basis of the qase. Doe v. Roe, MS. April, 1831.” Gra. Prae. 2d edit. 332'.